# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY K. HARTEL and ROBERT L. HARTEL, JR., <br><br>　　　　Plaintiffs, <br><br>v. <br><br>BEAZER EAST, INC. in its own right and as a successor in interest to Koppers Company, Inc., and other related companies including Beazer USA, Inc. and Beazer, PLC.; INDSPEC CHEMICAL CORPORATION; INTERSTATE CHEMICAL COMPANY, INC.; KOPPERS, INC.; OCCIDENTAL CHEMICAL CORPORATION; and OCCIDENTAL PETROLEUM CORPORATION, <br><br>　　　　Defendants | Case No. 2:23-cv-1629 |

## NOTICE OF REMOVAL

  Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants INDSPEC Chemical Corporation and Occidental Chemical Corporation ("Defendants") hereby remove this action from the Court of Common Pleas of Butler County, Pennsylvania to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division.  This action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1331 because it involves a question of federal law within the original jurisdiction of this Court.  In further support of this Notice of Removal, Defendants state as follows:

## The Common Pleas Court Action

1. Plaintiffs Kelly K. Hartel and Robert L. Hartel, Jr. commenced a civil action in the Common Pleas Court of Butler County, Pennsylvania, by filing a Complaint captioned, *Kelly K. Hartel and Robert L. Hartel, Jr., Plaintiffs v. Beazer East, Inc. in its own right and as a successor in interest to Koppers Company, Inc., and other related companies including Beazer USA, Inc., and Beazer, PLC; INDSPEC Chemical Corporation; Interstate Chemical Company, Inc.; Koppers, Inc.; Occidental Chemical Corporation; and, Occidental Petroleum Corporation, Defendants* Civil Action No. 23-10658 ("Common Pleas Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the Common Pleas Court Action of which Defendants are aware are attached to this Notice of Removal as **Exhibit A**, which Defendants incorporate by reference. Other than the documents attached as Exhibit A, no other process, pleadings, or orders are presently on file in the Common Pleas Court Action.

## Notice of Removal is Timely

3. A Notice of Removal may be filed "within 30 days after the receipt by the defendant" of the Complaint, or "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3).

4. The Common Pleas Court Action was filed on August 10, 2023, and Defendants were served soon thereafter with separate copies of Plaintiffs' Summons and Complaint.

Defendants' Notice of Removal is timely because it is filed within 30 days after receipt by Defendants through service of process.

**All Defendants Consent to Removal**

5.      Pursuant to 28 U.S.C. § 1446(b), all Defendants consent to the removal of the Common Pleas Court Action to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division.

**Jurisdiction is Proper**

6.      This Court has jurisdiction over this removed action under 28 U.S.C. §§ 1331 and 1441.  Under 28 U.S.C. § 1331, district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Plaintiffs' claims against Defendants are, in part, predicated on alleged violations of federal law, specifically the Clean Air Act, 42 U.S.C. §§ 7401 *et seq.*

7.      Although Plaintiffs assert causes of action against Defendants under Pennsylvania common law and Pennsylvania statutes, Plaintiffs explicitly, and repeatedly, state that Defendants' alleged liability arises directly from allegedly deceptive, false, misleading, fraudulent, and illegal statements made in connection with Pennsylvania Department of Environmental Protection ("PADEP") Title V permitting applications and by engaging in conduct that would not have been permitted under a Title V permit had those alleged statements not been made.

8.      Namely, Plaintiffs allege that Defendants:

- Intentionally deceived the PADEP by stating that it did not have an incinerator and that no chlorinated or halogenated materials were used, reacted, or otherwise incinerated;

- Making a concerted effort to deceive the PADEP because the manufacturing process at the chemical plant in Petrolia relied on millions of gallons of chlorinated and chemical laden

3

wastewater because they would otherwise have had to send such waste to off-site disposal facilities, instead choosing to secretly burn chlorinated waste;

- Concealing the burning of chlorinated wastewater captured from production processes, dehydration processes, reactor cleaning, tank cleaning, line cleaning, and other processes;

- Did in fact deceive the PADEP to the detriment of employees and individuals living in the surrounding area;

- Would have been stopped by the PADEP had no deception occurred;

- Made intentional misleading statements both "to state government agencies and others similarly situated, which the [PADEP] and others similarly situated relied on to the detriment of the employees working at the chemical plant as well as the general public"; and

- "[D]id not have a permit that allowed it to pollute the air with dioxins and dibenzofurans. The Defendants also did not have any water discharge permits."

Ex. A, Compl., ¶¶ 80–81, 86–89; 96–98; 102–03; 105–06.

9. Determination of Plaintiffs' claims related to Title V permitting is a question of federal law. The Federal Clean Air Act requires the Federal Environmental Protection Agency ("EPA") to establish national ambient air quality standards ("NAAQS"). 42 U.S.C. § 7409(b)(1). However, the EPA does not regulate individual sources, instead leaving decisions on how to meet the NAAQS to individual states. 42 U.S.C. § 8410(a)(1). Pursuant to the Clean Air Act, "each state is required to create and submit to the EPA a State Implementation Plan ("SIP") which provides for implementation, maintenance and enforcement of NAAQS within the state." *Bell v. Cheswick Generating Station*, 734 F.3d 188, 190 (3d Cir. 2013) (internal citations omitted). "All SIPs must be submitted to the EPA for approval before they become final, and once a SIP is approved, its requirements become federal law and are fully enforceable in federal court." *Id.*

10. Nor can Plaintiffs rely on their disclaimer of federal claims to evade the jurisdiction of federal courts. "It is an independent corollary of the well-pleaded complaint rule that a plaintiff

4

may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 22, 103 S. Ct. 2841, 2853, 77 L. Ed. 2d 420 (1983). In other words, "a court will not allow a plaintiff to deny a defendant a federal forum when the plaintiff's complaint contains a federal claim 'artfully pled' as a state law claim." *United Jersey Banks v. Parell*, 783 F.2d 360, 367 (3d Cir. 1986).

11. By asserting claims related to Pennsylvania's SIP, Plaintiffs, as the "masters" of the Complaint, injected questions of federal laws and regulations. *See Wood v. Prudential Ins. Co. of America*, 207 F.3d 674 (3rd Cir. 2000) ("Under the well-pleaded complaint rule, a court determines whether a claim 'arises under' federal law from a plaintiff's complaint.").

12. Further, emissions from the chemical plant at issue in this case have already been the subject of a lawsuit brought by the United States of America, on behalf of the EPA, and the PADEP. *See United States of America and Commonwealth of Pennsylvania Department of Environmental Protection v. INDSPEC Chemical Corporation*, Civil Action No. 2:15-cv-01252-JFC (W.D. Pa. Sept. 24, 2015). The parties to that action entered a Consent Decree as a result of that suit. *Id.* Plaintiffs' claims regarding the emissions from the chemical plant in Petrolia, Pennsylvania will necessarily require Plaintiff to establish that INDSPEC Chemical Corporation failed to abide by the Consent Decree.

13. As such, this action is within the original jurisdiction of this Court because, on the face of the Complaint, it involves multiple federal questions.

### **Venue is Proper**

14.     Venue is proper in this Court under 28 U.S.C. §§ 90(a)(2), 1391, 1441(a), and 1446(a) because Butler County, the county where the Common Pleas Court Action was filed, falls within the United States District Court for the Western District of Pennsylvania, Pittsburgh Division.  LCvR. 3.

### **Notice to Adverse Parties and Superior Court**

15.     Defendants will serve written notice of the filing of this Notice of Removal on all parties through their counsel of record and will promptly file a copy of this Notice of Removal with the Clerk of the Common Pleas Court of Butler County, Pennsylvania, as required by 28 U.S.C. § 1446(d).

### **Conclusion**

16.     Because a question of federal law is apparent on the face of Plaintiffs' Complaint, and because Defendants have satisfied all procedural requirements, removal to this Court is proper.

17.     By filing this Notice of Removal, Defendants do not waive any defenses that may be available to them and expressly reserve all such defenses.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants hereby remove this action from the Common Pleas Court of Butler County, Pennsylvania to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division.  To the extent that Plaintiffs challenge this removal, Defendants request the opportunity to brief and argue any issues or questions regarding this Court's jurisdiction.

Dated:  September 11, 2023         Respectfully submitted,

*/s Megan E. Farrell*
Megan E. Farrell (PASB# 76972)
Timur R. Dikec (PASB# 333225)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Six PPG Place. Suite 700
Pittsburgh, PA 15222
(412) 730-4050
megan.farrell@nelsonmullins.com
timur.dikec@nelsonmullins.com

Melissa Foster Bird (*pro hac vice forthcoming*)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
949 Third Avenue, Suite 200
Huntington, WV 25701
(304) 526-3500
melissa.fosterbird@nelsonmullins.com

Jennifer A. Jordan (*pro hac vice forthcoming*)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
151 Meeting Street, Suite 600
Charleston, SC 29401
(843) 853-5200
jenny.jordan@nelsonmullins.com

*Attorneys for Defendants INDSPEC Chemical Corporation and Occidental Chemical Corporation*

## CERTIFICATE OF SERVICE

I certify that on this 11th day of September, 2023, I have electronically filed the within and foregoing **Defendants' Notice of Removal** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to these attorneys of record:

Michael P. Robb, Esq.
BAILEY & GLASSER, LLP
180 Swinderman Road, Suite #100
Wexford, PA  15090
***Attorney for Plaintiffs,***
***Kelly K. Hartel and Robert***
***L. Hartel, Jr.***

Kathy K. Condo, Esq.
Babst, Calland, Clements and Zomnir, P.C.
Two Gateway Center, 6th Floor
Pittsburgh, PA  15222
kcondo@babstcalland.com
***Attorney for Beazer East, Inc.***

Steven B. Kantrowitz, Esq.
Pillinger Miller Tarallo, LLP
1880 John F. Kennedy Blvd, Ste 1803
Philadelphia, PA 19103
Cell:  (445) 400-4689
Office: (610) 725-8382
skantrowitz@pmtlawfirm.com
***Attorney for Interstate Chemical Company, Inc.***

Vaughn K. Schultz, Esq.
Christopher D. Stofko, Esq.
Dickie McCamey & Chilcote, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA  15222-5402
vschultz@dmclaw.com
***Attorney for Koppers Inc.***

Megan E. Farrell (PASB# 76972)
Timur R. Dikec (PASB# 333225)
NELSON MULLINS RILEY & SCARBOROUGH LLP
Six PPG Place. Suite 700
Pittsburgh, PA 15222
(412) 730-4050
megan.farrell@nelsonmullins.com
timur.dikec@nelsonmullins.com
***Attorneys for Occidental Petroleum Corporation***

*/s Megan E. Farrell*
Megan E. Farrell (PASB# 76972)

8